IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:11-HC-2194-FL

| | | |
|---|---|---|
| JULIUS DEABRA BRADLEY, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| CYNTHIA FISHER AND SARA REVELL, | ) | |
| | ) | |
| Respondents. | ) | |

The matter is before the court on the motion to dismiss, or in the alternative, for summary judgment (DE #9) of respondent Cynthia Fisher ("respondent").[1] Petitioner did not respond to respondent's motion. In this posture, the matters are ripe for adjudication. For the following reasons, the court grants respondent's motion.

## STATEMENT OF THE CASE

On October 11, 2011, petitioner filed this pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, alleging that the Federal Bureau of Prisons' ("BOP") staff expelled him from the BOP's Residential Drug Abuse Program ("RDAP") without first affording him due process in accordance with 18 U.S.C. § 3621(e), and the Fifth Amendment to the United States Constitution.[2] As relief, petitioner requests reinstatement into the RDAP, reinstatement of his one year sentence

---

[1] Because the parties attached matters that are outside of the pleadings, respondent's motion will be construed as a motion for summary judgment.

[2] Title 18 U.S.C. § 3621(e), provides residential substance abuse treatment to inmates it determines are eligible in accordance with the terms of the statute.

reduction, and placement at a halfway house.

On January 27, 2012, respondent filed a motion for summary judgment arguing that the court lacks subject matter jurisdiction over petitioner's petition because 18 U.S.C. § 3621, is excluded from judicial review under the Administrative Procedures Act ("APA"). Alternatively, respondent argues that petitioner's due process claim is without merit. Although petitioner was notified of respondent's motion, he failed to respond.

## STATEMENT OF FACTS

The facts seen in the light most favorable to petitioner are as follows. Congress, through 18 U.S.C. § 3621, ordered the BOP to provide "every prisoner with a substance abuse problem . . . the opportunity to participate in appropriate substance abuse treatment." 18 U.S.C. § 3621(e)(1). As an "[i]ncentive for prisoners' successful completion of [the] treatment program," the statute provides "[t]he period a prisoner convicted of a nonviolent offense remains in custody after successfully completing a treatment program may be reduced by the [BOP], but such reduction may not be more than one year from the term the prisoner must otherwise serve." Id. § 3621(e)(2)(B). In order to carry out § 3621's statutory requirements, the BOP implemented regulations and policies governing RDAP and the early release incentive pursuant to § 3621(e)(2)(B). See 28 C.F.R. §§ 550.53-550.57; BOP Program Statement 5330.11.

The BOP's RDAP consists of three distinct components or phases, which include: 1) the unit-based residential program phase; 2) the follow-up services phase; and 3) the community transitional services phase. 28 C.F.R. 550.53(a)(1-3). Successful completion of RDAP entails completion of all three phases of the program. Id. § 550.53(a). An inmate, however, may be expelled from RDAP for disruptive behavior related to RDAP or unsatisfactory progress in treatment. Id. § 550.53(g).

"Ordinarily, inmates must be given at least one formal warning before removal from RDAP." Id. § 550.53(g)(2). However, "[a] formal warning is not necessary when the documented lack of compliance with program standards is of such magnitude that an inmate's continued presence would create an immediate and ongoing problem for staff and other inmates." Id.

In June 2010, petitioner was accepted into RDAP. Mem. in Supp. of Pet. p. 5. Petitioner subsequently was held back from progressing from the first to second phases of the program due to "cheating on an end of phase test, failing to hold [himself] accountable for negative behaviors, being dishonest, making inappropriate statements, overall inadequate performance in groups and failing to appropriately complete homework." Pet. Exh. A8. Despite these setbacks, petitioner progressed to phase two on April 8, 2011. Mem. in Supp. of Pet. p. 5. On July 7, 2011, while in phase two, petitioner failed to attend a required community meeting, despite having been warned that he would be removed from RDAP if he failed to attend. Id. Petitioner then received an incident report for his failure to attend the meeting. Id. On July 8, 2011, petitioner met with the Drug Abuse Program Coordinator who warned him that he would be removed from the program if he did not improve and actively participate.[3] Pet. Exhs. A8. Petitioner subsequently was expelled from RDAP due to the above-stated conduct, and was not awarded the early release incentive under § 3621(e); Mem. in Supp. of Pet. pp. 5-6.

## DISCUSSION

A.   Standard of Review

Summary judgment is appropriate when there exists no genuine issue of material fact, and

---

[3] BOP officials additionally noted petitioner's poor participation during community meetings and that he failed to turn in an assignment by a July 11, 2011, deadline. Pet. Exh. A8.

3

the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); Anderson v. Liberty Lobby, 477 U.S. 242, 247 (1986). The party seeking summary judgment bears the burden of initially coming forward and demonstrating an absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once the moving party has met its burden, the nonmoving party then must affirmatively demonstrate that there exists a genuine issue of material fact requiring trial. Matsushita Elec. Industrial Co. Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). There is no issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party. Anderson, 477 U.S. at 250.

B. Analysis

1. Subject Matter Jurisdiction

Respondent argues that petitioner's petition should be denied because the court lacks subject matter jurisdiction over his claim. In accordance with the APA, "[a] person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute is entitled to judicial review thereof," 5 U.S.C. § 702, except to the extent that a statute precludes judicial review, 5 U.S.C. § 701.

Here, petitioner challenges the BOP's discretionary determination to grant or deny sentence reductions pursuant to 18 U.S.C. § 3621. However, Congress, pursuant to 18 U.S.C. § 3625, has specifically excluded § 3621 from judicial review under the APA.[4] See Schlager v. Stewart, No. 2012 WL 589255, *3 (N.D.W. Va. Jan. 31, 2012). Accordingly, the discretionary authority afforded the BOP pursuant to §§ 3621(b) and (e) to remove inmates from RDAP and to grant or deny them

---

[4] The APA specifically provides: "The provisions of section 554 and 555 and 701 through 706 of Title 5, United States Code, do not apply to the making of any determination, decision, or order under this subchapter." 18 U.S.C. § 3625.

4

early release is not subject to judicial review. See e.g., Reeb v. Thomas, 636 F.3d 1224, 1227-1228 (9th Cir. 2011) ("To find that prisoners can bring habeas petitions . . . to challenge the BOP's discretionary determinations made pursuant to 18 U.S.C. § 3621 would be inconsistent with the language of 18 U.S.C. § 3625."); Via v. Lyn, No. 2:10cv101, 2011 WL 573389, *7 (N.D.W. Va. Jan. 24, 2011); Ayala v. Phillips, No. 5:07CV45, 2008 WL 450478, *3 (N.D.W. Va. Feb. 19, 2009) (decision to remove inmate from RDAP "falls squarely within the BOP's discretion and is not subject to judicial review.") However, even where judicial review under the APA is specifically excluded by statute, the court still may review whether there is clear evidence of unconstitutional conduct or evidence that the agency acted outside of the scope of its authority. See Webster v. Doe, 486 U.S. 592, 603-604 (1988); Turner v. Safley, 482 U.S. 78, 84 (1987); see also, Douglas v. Stewart, No. 2:11cv48, 2011 WL 4708785, *6 (N.D.W. Va. Sept. 12, 2011).

2. Due Process

It is well established that in order to demonstrate a due process violation, a petitioner must show that he was deprived of a liberty or property interest protected under the Fifth Amendment to the United States Constitution. Greenholtz v. Inmates of Neb. Penal & Correctional Complex, 442 U.S. 1, 7 (1979). Prisoners do not have a protected liberty interest in RDAP participation or in the early release incentive. See id.; Reeb, 636 F.3d at 1229, n.4 (9th Cir. 2011); see also, Moody v. Daggett, 429 U.S. 78, 88 n.9 (1976) (finding no due process protections were required concerning eligibility for rehabilitative programs in the federal system and prison officials had discretion to control these conditions). Moreover, the United States Supreme Court has held that there is no constitutional right to be released prior to the completion of a valid prison sentence. Greenholtz, 442 U.S. at 7. Based upon the foregoing, petitioner has no due process claim.

3. Scope of Authority

Petitioner contends that his dismissal from RDAP occurred without any formal warning and without any intervention pursuant to 28 C.F.R. § 550.53(g). However, the evidence in the record reflects that prior to his dismissal, petitioner was held back in treatment in the first phase of his treatment due to a series of misconduct. Pet. Ex. A8. Petitioner thereafter failed to report to a community meeting on July 7, 2011, and was issued an incident report. Id. Petitioner then participated in a meeting with his Drug Abuse Program Coordinator, and was warned that he would be removed from RDAP if he failed to improve. Id. Petitioner, however, refused to participate in the meeting, despite repeated prompting from his Drug Abuse Program Coordinator. Id. Petitioner subsequently was terminated from RDAP due to his inappropriate conduct. Id. Based upon the foregoing, the record reflects that petitioner was given ample warning that he was not meeting the expectation of the program. Thus, the BOP did not act outside of its authority when it expelled petitioner from the RDAP. Thus, petitioner is not entitled to relief pursuant to 28 U.S.C. § 2241.[5]

## CONCLUSION

Respondent's motion for summary judgment (DE # 9) is GRANTED. The Clerk of Court is DIRECTED to close this case

SO ORDERED, this the 3rd day of July, 2012.

LOUISE W. FLANAGAN
United States District Judge

---

[5] Alternatively, petitioner's action should be dismissed without prejudice for failure to exhaust administrative remedies. See Woodford v. Ngo, 548 U.S. 81, 88-89 (2006); McClung v. Shearin, 90 F. App'x 444, 445 (4th Cir. 2004) (per curiam); Skinner v. Wiley, 355 F.3d 1293, 1295 (11th Cir. 2004) (per curiam); Carmona v. Bureau of Prisons, 243 F.3d 629, 634 (2d Cir. 2001).